**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GLEN MAYS,                         :
                                   : Civil Action No. 08-4153(WJM)
          Plaintiff,               :
                                   :
                                   :
     v.                            : **OPINION**
                                   :
ROBERT E. UNTIG, et al.,           :
                                   :
          Defendants.              :

**APPEARANCES**:

    GLEN MAYS, Plaintiff pro se
    #8687
    Sussex County Jail
    41 High Street
    Newton, New Jersey 07860

**MARTINI**, District Judge

   Plaintiff Glen Mays, currently a state inmate confined at the Sussex County Jail in Newton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should proceed in part.

## I.   BACKGROUND

Plaintiff, Glen Mays ("Mays"), brings this action against the following defendants: Robert E. Untig, Sheriff; John G. Armeno, Under Sheriff; Virgil R. Rome, Jr., Under Sheriff; David DiMarco, Under Sheriff; and the Sussex County Freeholders.  (Complaint, Caption and ¶¶ 4b, 6).

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

It appears that Mays is a pretrial detainee presently confined at the Sussex County Jail since December 28, 2006.[1]  He complains that he was assaulted by another inmate housed in his cell.  The inmate was classified as a psychotic and had been

---

[1] Mays has filed several other actions in this District Court, namely, Mays v. Untig, et al., Civil No. 08-3623 (JLL), which was dismissed without prejudice, and Mays v. Untig, et al., Civil No. 08-3379 (DMC), which is currently pending.  The pending action relates to complaints about the conditions of confinement at the Sussex County Jail.  Although the events giving rise to this Complaint by Mays are not the same as alleged in his earlier, pending action, Civil No. 08-3379 (DMC), the defendants are identical.  However, whether or not these actions should be consolidated is an issue premature for this Court to consider at this time.

placed in the general population in a cell with a camera to monitor the inmate.  Mays alleges that the inmate, Jose Lewis, was a threat to himself and others and should never have been housed with the general inmate population at the jail.  Despite the known threat inmate Lewis presented to others, defendants placed Mays in the same cell with Lewis.

On or about January 21, 2007, inmate Lewis attacked plaintiff with a thick wooden object (apparently the wooden handle of a scrub brush), lacerating and deviating plaintiff's nose.  Plaintiff received six stitches in his nose.  Inmate Lewis also bit Mays' hand down to the bone when Mays tried to defend himself from attack.  Mays was informed by the medical staff at the jail that inmate Lewis has Hepatitis C.  Mays was taken to the emergency room of an outside hospital for treatment of his injuries and for his exposure to Hepatitis C.

It does not appear that Mays is seeking any monetary damages.  Rather, he seeks injunctive relief from the Court, namely, that the incident be investigated so the Prosecutor's Office can take the appropriate action.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

5

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   Failure to Protect Claim

Plaintiff's allegations suggest that he is asserting a "failure to protect" claim against the defendants.  Mays appears to have been a pretrial detainee at the time of the alleged assault by inmate Lewis.  Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Fuentes v. Wagner, 206 F.3d 335, 341

n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Fuentes, 206 F.3d at 341-42.

>In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
>Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
>A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  Id. at 539 n.20, 561-62.

Here, Mays alleges that defendants placed a dangerous inmate in the same cell with plaintiff with full knowledge that the inmate was a psychotic and had Hepatitis C, and that the inmate posed a known risk of harm to others.  (Compl. at ¶ 6).  Thus, assuming these allegations to be true at this preliminary sua sponte screening, Mays may be able to prove that the assault by inmate Lewis was foreseeable, or that the defendants willfully ignored the threats to plaintiff's safety in placing him in the same cell as the inmate Lewis.

Further, these issues are fact questions which are not susceptible to summary dismissal, or a motion to dismiss on the pleadings.  In short, plaintiff may be able to prove on these facts that defendants knew of and disregarded an excessive risk

9

to plaintiff's safety.[2]  See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.[3]  Farmer, 511 U.S. at 834.

Therefore, based on plaintiff's allegations, the Court is constrained to allow this claim to proceed at this time.

B. Failure to Prosecute Claim

Finally, it appears that plaintiff may be asking this Court to compel the prosecution of those involved in the assault Mays

---

[2] The Eighth Amendment analysis provides the floor in determining the standard to be considered with respect to detainees.  To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

[3] However, where defendants merely have failed to exercise due care in failing to prevent harm to an inmate, such negligence is insufficient to establish a violation of the Eighth Amendment. See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v. County of Montgomery, 843 F.Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

suffered.  (See Compl. at ¶¶ 6, 7).  Even if the Court were to liberally construe Mays' claim as one seeking injunctive relief compelling criminal charges and investigation by the Prosecutor's Office, the Court finds that such a claim alleging failure to pursue or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  See also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).

Therefore, this claim should be dismissed with prejudice, in its entirety, as against all of the named defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, for failure to state a claim at this time.  An appropriate order follows.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated: May 4, 2009

11